IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Hirenkumar Patel, | ) | Civil Action No. 2:25-04224-RMG-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Director of United States | ) | |
| Citizenship and Immigration Services, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This action has been filed by the Plaintiff, a non-prisoner litigant *pro se*, challenging Defendant's delay in adjudicating his pending U nonimmigrant visa and accompanying work authorization application pursuant to the Administrative Procedures Act. (Dkt. No. 1.) By Order filed June 16, 2025, service was authorized on Defendant. (Dkt. No. 7.) In the Order, the Court advised Plaintiff that he "is responsible for accomplishing service of process on Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure." (*Id*. at 1.) Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, unless Defendant is served within 90 days after the Complaint is filed, this Court is required to dismiss an action without prejudice as to Defendant. The 90-day limit established by Rule 4(m) begins to run on the date the summons is issued. *Robinson v. Clipse*, 602 F.3d 605, 608-09 (4th Cir. 2010) (tolling during initial review). Given that the summons was issued on June 16, 2025 (Dkt. No. 7), service was due by September 15, 2025.

After Plaintiff failed to file any documents with the Court indicating that service had been executed, the Court issued an Order allowing Plaintiff through October 15, 2025 to execute service upon Defendant and provide evidence of service. (Dkt. No. 12.) Plaintiff was specifically advised that if he failed to execute service by this date, this action could be dismissed pursuant to Rule

41(b) of the Federal Rules of Civil Procedure. (*Id*.) Plaintiff has still failed to file any documents with the Court indicating that service has been executed, and the 90-day period for service of process has expired. Accordingly, it is recommended that this action be dismissed without prejudice for lack of prosecution, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

    AND IT IS SO RECOMMENDED.

October 20, 2025

Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).