IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Hirenkumar Patel,<br><br>        Plaintiff,<br>  v.<br><br>Director of United States Citizenship and Immigration Services,<br><br>        Defendant. | Case No. 2:25-cv-4224-RMG<br><br>**ORDER** |

      This matter comes before the Court on a Report and Recommendation ("R & R") of the Magistrate Judge recommending that this case be dismissed without prejudice for failure to prosecute. (Dkt. No. 14). Plaintiff was advised that he had 14 days to file written objections to the R & R and a failure to do so would result in limited clear error district court review and a waiver of the right to file an appeal of the district court's decision. (*Id*. at 3). No written objections have been timely filed.

**I.    Background**

      Plaintiff brought this action pro se challenging the Defendant's delay in adjudicating his pending U nonimmigrant visa and accompanying work authorization application. The Magistrate Judge authorized service on Defendant and advised Plaintiff he was responsible to effectuate service. Under Rule 4(m) of the Federal Rules of Civil Procedure service must be made within 90 days of issuance of the summons. Service was due September 15, 2025, and no documents were filed confirming service. The Magistrate Judge issued an order allowing Plaintiff to execute service by October 15, 2025. Plaintiff was advised that if he failed to comply with service requirements, his case could be dismissed for failure to prosecute. Plaintiff failed to file any

documents regarding service. The Magistrate Judge issued the R & R on October 20, 2025, recommending that the action be dismissed for failure to prosecute. (Dkt. No. 14).

## II. Legal Standard

### A. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

## III. Discussion

The Magistrate Judge ably summarized the factual and legal issues in this matter and correctly concluded that this action should be dismissed without prejudice for failure to prosecute.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R&R as the Order of the Court (Dkt. No. 14) and **DISMISSES** this action without prejudice.

**AND IT IS SO ORDERED.**

        s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

November 10, 2025
Charleston, South Carolina